UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DANIEL T. LaVERGNE, JR.** | : | **DOCKET NO. 18-cv-238** |
| **D.O.C. # 707218** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **USA, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by pro se plaintiff Daniel Timothy LaVergne, Jr., who is proceeding in forma pauperis. LaVergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Vernon Correctional Center in Leesville, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the matter be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**I.**
**BACKGROUND**

LaVergne brings this suit against the United States of America, the United States Congress, the United States Supreme Court, and the State of Louisiana. Doc. 1, p. 3. He alleges that he is a victim of "denationalization" at the hands of these defendants, due to the application of "abolished slave [labels]" to his person at birth. *Id.* In relief he requests that the court correct his classification and allow him to proclaim the "free nationality . . . of [his] forefathers under [his] own fig tree and

vine to all nations and governments," based on his status as "[a] Moorish-American national." *Id.* at 4 (capitalization corrected).

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

LaVergne has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for defendants acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the

conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor (or, in a *Bivens* suit, under color of federal law/that the defendant was a federal actor). *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988); *see Bell v. Laborde*, 204 Fed. App'x 344, 345 n. 2 (5th Cir. 2006) (unpublished) (describing extension of test in *West* for *Bivens* claims).

### C. *Theories of the Complaint*

LaVergne's suit is clearly based on his claim that he is a "sovereign citizen." There is no constitutional support for this theory, and in fact the Fourteenth Amendment provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside." U.S. Const. amend. XIV, § 1. Courts routinely dismiss sovereign citizen claims as frivolous or otherwise lacking merit. *See, e.g.*, *Wirsche v. Bank of Am., N.A.*, 2013 WL 6564657 at *2 (S.D. Tex. Dec. 13, 2013) (noting that "[t]hese teachings have never worked in a court of law – not a single time."); *West v. Enns*, 2017 WL 2313469 at *3 (N.D. Tex. Apr. 27, 2017) (collecting cases on dismissals of sovereign citizen claims). There is no constitutional allegation in this action outside of the sovereign citizen claim, such that it might be rescued by amendment. Accordingly, LaVergne's suit is frivolous and must be dismissed under § 1915(e)(2)(B)(i).

## III.
### CONCLUSION

Ordinarily, a *pro se* litigant should be given the opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1054, 1054 (5th Cir. 1998). Opportunity to amend is not required, however, if the petitioner has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Here no amendment could cure the frivolous nature of LaVergne's claim.

Accordingly, for reasons stated above, **IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE